UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKEEM TURNER BEY,

    Plaintiff,

    v.     CAUSE NO.: 3:18CV118-PPS/MGG

INDIANA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## OPINION AND ORDER

Akeem Turner Bey, a prisoner without a lawyer, filed a complaint alleging that his medical need to be housed on the first or second floor has been disregarded throughout his incarceration at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Turner Bey suffers from a seizure disorder. A member of the medical staff determined that Turner Bey needs to be housed on the 200 range or below. As a result,

he was issued a pass indicating that he should be housed on the first or second floor. Nonetheless, he has been placed on the 500 range. He does not indicate who placed him on the 500 range. Although the reasons are unclear, Lt. J. Connelly has directed that the 500 range be treated as the second floor. Turner Bey alleges that the 500 range is the fifth floor and that it does not comply with his medical needs. Turner Bey has sued five defendants as a result of his 200 range or below pass not being honored: the Indiana Department of Correction, Superintendent Ron Neal, Assistant Superintendent Mr. Pane, Disciplinary Segregation Supervisor Lt. J. Connelly, and Ms. Fritter.

As an initial matter, the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Although one would think that what Mr. Turner Bey really wants is an injunction to force the State to house him in accordance with his doctor's suggestion, a review of the Complaint shows the contrary; what he wants is money. DE 1 at 5. So none of the three exceptions discussed above apply here, meaning Turner Bey cannot state a claim against the IDOC.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, while Turner Bey has a serious medical need, he has not alleged that Superintendent Ron Neal, Assistant Superintendent Mr. Pane, or Lt. J. Connelly knew it. Without knowledge of his circumstances, these defendants cannot be deliberately indifferent to Turner Bey's needs.[1]

Ms. Fritter from the medical department did know of Turner Bey's medical need. But documents attached to the complaint show that Ms. Fritter confirmed that Turner Bey had a pass to be housed in 200 range or below. There are no facts in the complaint suggesting that Turner Bey was dissatisfied with the care he received from Ms. Fritter, or that she was in any way deliberately indifferent to his medical needs. Therefore, Turner Bey has not stated a claim against Ms. Fritter.

While the amended complaint does not state a claim, Turner Bey will be afforded an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014,

---

[1] Furthermore, these defendants cannot be held liable merely because they may have supervised other employees that violated Turner Bey's rights. There is no general respondent superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible. Essentially, he needs to connect the dots. To do so, he needs to explain who knew of his need to be housed on the 200 range or below and disregarded it.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Akeem Turner Bey;

(2) GRANTS Akeem Turner Bey to and including May 28, 2018, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED this 26th day of April, 2018.

                                           s/ Philip P. Simon
                                           JUDGE
                                           UNITED STATES DISTRICT COURT